# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 25-cr- 57-SE-TSM-01 |
| v. | Count 1: Wire Fraud<br>(18 U.S.C. § 1343) |
| ROBYNNE ALEXANDER | |
| Defendant. | |

## INFORMATION

The Acting United States Attorney charges:

### Background

At all times material to this information:

1. Defendant ROBYNNE ALEXANDER was a resident of New Hampshire.

2. ALEXANDER held a real estate broker and realtor's license and was a paid contractor and mentor for a real estate investment coaching program.

3. ALEXANDER set up a number of different real estate projects in New Hampshire and the Commonwealth of Massachusetts. ALEXANDER created and managed various limited liability companies for each of her real estate projects.

4. ALEXANDER solicited investments for her real estate projects from various groups of individuals including those who had attended the real estate coaching program that she taught.

## The Scheme

5. From on or about February 1, 2018, to on or about April 21, 2024, defendant,

**ROBYNNE ALEXANDER,**

knowingly and willfully devised and intended to device a scheme and artifice to defraud real estate investors, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

## Manner and Means

It was part of the scheme that:

6. ALEXANDER solicited investor funds with the express representation that she would purchase, renovate, and sell properties for profit.

7. ALEXANDER executed operating agreements with investors setting deadlines for raising investment funds and owning property, with a requirement that investor funds be returned with interest if deadlines were missed.

8. ALEXANDER represented to investors that she would use their investments for specific project related purposes, that she would provide regular updates on projects, maintain accurate books and records concerning projects, and that any investment returns provided to investors would represent their share of profits derived from the projects.

9. Instead, ALEXANDER rarely provided updates to investors and only after repeated requests for information. ALEXANDER failed to notify investors when she disposed of a property or when it was foreclosed upon, events which resulted in significant loss to investors.

10. ALEXANDER failed to keep accurate books and records.

11. ALEXANDER used investor funds for unrelated projects, personal expenses, and

2

to pay off debts.

12. When ALEXANDER made purposed investment returns, the payments were not derived from profits on the projects but were made by taking money from some investors to pay off other investors, often those that had initiated legal action against ALEXANDER.

13. As one example of the investment scheme, in 2021, ALEXANDER solicited an investment from Victim 1, a California resident who met ALEXANDER through her real estate investor coaching group. On May 27, 2021, Victim 1 invested $750,000 in a project to develop a property at 4 Elm Street in Manchester, New Hampshire. Victim 1 signed an operating agreement with ALEXANDER that obligated ALEXANDER's project entity, Elm and Baker LLC to own the property by June 30, 2021, or return the investment with 8% interest.

14. ALEXANDER did not transfer the property to Elm and Baker LLC until January 27, 2022, however, she did not return Victim 1's money or the required interest.

15. Instead of using Victim 1's investment funds to renovate 4 Elm Street, ALEXANDER used approximately $327,000 of Victim 1's funds to repay two earlier investors in the Elm Street project with a purported return on the investment, approximately $170,000 to repay an unrelated former investor, and approximately $45,000 to repay a personal loan from an individual unrelated to the project.

16. ALEXANDER eventually stopped making mortgage payments on the 4 Elm Street property and it was foreclosed on in the spring of 2023. Victim 1 did not learn of the foreclosure sale for nearly one year.

17. As part of ALEXANDER's scheme, she solicited investments in at least eight different real estate projects. These projects included properties located at 1211 & 1217 Elm Street in Manchester, New Hampshire (Raxx-LeMay), 4 Elm Street in Manchester, New

3

Hampshire (Elm and Baker), 9 G Street in Hampton, New Hampshire (HB9G), the State of New Hampshire Lakes Region Facility (Legacy at Laconia), 9 Cross Street in Somerville, Massachusetts, 23 Country Club Road in Manchester, New Hampshire, 37 C Street in Manchester, New Hampshire, as well as a group of apartment units in Providence, Rhode Island (the Providence Portfolio). The defendant's scheme caused victim losses of approximately $3,023,000.

## COUNT ONE
## Wire Fraud
## [18 U.S.C. § 1343]

18. On or about May 27, 2021, in the District of New Hampshire and elsewhere, the defendant

ROBYNNE ALEXANDER,

for the purpose of executing the scheme described above, and attempting to do so, did cause to be transmitted by means of wire communication in interstate commerce writings, signs, and signals, namely, a $750,000 wire from an account held by Victim 1 to an account at Bar Harbor Bank and Trust in the name of Elm and Baker, LLC ending in 5355.

All in violation of Title 18, United States Code, Section 1343.

Dated: 6/26/25

JOHN J. MCCORMACK
Acting United States Attorney

John J. Kennedy
Assistant U.S. Attorney

4